IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Derrick Schaeffer, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | No. 19-cv-7711 |
| | ) | |
| City of Chicago, Officer James A. Brandon #7634, Officer Mario Perez #18936, Officer James Kinsey #16189, and Detective Jocelyn Gregoire-Watkins, #20974, | ) ) ) ) ) ) | *(Judge Dow)* |
| | ) | |
| *Defendants.* | ) | |

## AMENDED COMPLAINT

Plaintiff, by counsel and with the written consent of defendants, FED. R. CIV. P. 15(a)(2), files this amended complaint and alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Derrick Schaeffer is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation.

4. Defendants Officer James A. Brandon #7634, Officer Mario Perez #18936, Officer James Kinsey #16189, and Detective Jocelyn Gregoire-Watkins, #20974, were at all relevant times acting under color of their office as Chicago police officers.

5. On February 1, 2017, defendants Brandon, Perez, and Kinsey (the "arresting officers") arrested plaintiff and caused plaintiff to be charged with burglary.

6. Aspects of the arrest were recorded on the in-car camera video system in the Chicago police vehicle driven by defendants Brandon, Perez, and Kinsey.

7. At the time of plaintiff's arrest:

   a. None of the arresting officers had a warrant authorizing the arrest of plaintiff;

   b. None of the arresting officers believed that a warrant had been issued authorizing the arrest of plaintiff;

   c. None of the arresting officers had observed plaintiff commit any offense; and

   d. None of the arresting officers had received information from any source that plaintiff had committed an offense or was otherwise subject to arrest.

8. At all relevant times, the arresting officers did not have a reasonable basis to believe that plaintiff had committed a burglary.

9. Plaintiff does not raise any claim in this lawsuit that he was falsely arrested on February 1, 2017.

10. After arresting plaintiff, the arresting officers fabricated a false story that two witnesses to a burglary had identified plaintiff as the burglar.

11. Neither of these witnesses had identified plaintiff as the burglar or as otherwise involved in criminal wrongdoing.

12. One or more of the arresting officers prepared police reports containing the false story, and each of the other arresting officers failed to intervene to prevent the violation of plaintiff's rights.

13. After the arrest, defendant Gregoire-Watkins created a separate police report in which she repeated the false statement that two witnesses had identified plaintiff as the burglar.

14. Defendant Gregoire-Watkins interviewed these two witnesses before preparing her report and knew that neither witness identified plaintiff as the burglar or as otherwise involved in criminal wrongdoing.

15. The in-car camera video referred to in paragraph 6 above contradicted the story fabricated by the arresting officers and showed that plaintiff was framed.

16. The in-car camera video referred to in paragraph 6 above was withheld from plaintiff during his criminal case as a result of the deliberate indifference of defendant City of Chicago to its constitutional duty to preserve exculpatory evidence in criminal cases: At all relevant times, defendant City

of Chicago has known that its processes for managing and producing records of the Chicago Police Department in criminal prosecutions did not comply with the City's constitutional, statutory, and other legal obligations.

17. Defendant has been on notice of these inadequate processes since at least 1988 when the Seventh Circuit affirmed the jury's verdict in *Jones v. City of Chicago*, 856 F.2d 985, 996 (7th Cir. 1988).

18. The City received more recent notice in January of 2016, when a federal judge sanctioned the City for failing to disclose records in *Colyer v. City of Chicago*, No. 12 C 04855, 2016 WL 25710, at *2 (N.D. Ill. Jan. 4, 2016).

19. Despite these and other forms of notice, defendant City of Chicago has refused to remedy the above-described inadequate processes, as defendant confirmed through the June 10, 2020 report of its Inspector General, *Review of the Chicago Police Department's Management and Production of Records*.

20. On December 3, 2020, during the pendency of this lawsuit, plaintiff learned for the first time of the existence of the in-car camera video referred to in paragraph 6 above; plaintiff also learned on December 3, 2020 that employees of the City of Chicago had destroyed the video pursuant to the above-described widespread practice.

21. As a result of the above-described wrongful conduct of all defendants, plaintiff was falsely charged with burglary and held at the Cook

County Jail from February 12, 2018 until May 6, 2019 when the prosecutor learned of the above-described wrongful acts of the defendant officers and dropped all charges.

22. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments.[1]

23. As a supplemental state law claim against defendant City of Chicago only: as a result of the foregoing, plaintiff was subjected to a malicious prosecution under Illinois law.

24. Plaintiff hereby demands trial by jury.

Accordingly, plaintiff requests that appropriate compensatory and punitive damages be awarded against the individual defendants, and that appropriate compensatory damages only be awarded against defendant City of Chicago. Plaintiff also requests that fees and costs be taxed against all defendants.

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*

---

[1] The Court dismissed plaintiff's free-standing Fourteenth Amendment claim without prejudice on June 19, 2020. Plaintiff does not re-assert this dismissed claim. *Smith v. Nat'l Health Care Services of Peoria*, 934 F.2d 95, 98 (7th Cir. 1991). Plaintiff refers to the Fourteenth Amendment because it is how the Fourth Amendment applies to state action.